FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 10:19 am, Dec 10, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CANTRELL HILL,<br><br>   Plaintiff,<br><br>   v.<br><br>BERNARD HILL; VASHITTI BROWN; and TERENCE KILPATRICK,<br><br>   Defendants. | CIVIL ACTION NO.: 6:20-cv-23 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment claim for cruel and unusual punishment and **DENY** Plaintiff's request for preliminary injunctive relief. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's First Amendment claim against Defendants Hill, Brown, and Kilpatrick.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this action under § 1983 alleging violations of his constitutional rights arising from Defendants denying Plaintiff an alternate vegan meal while incarcerated at Smith State Prison. Doc. 1 at 5. Plaintiff alleges Defendant Hill denied Plaintiff's request to take part in the vegan diet meal plan, despite Plaintiff making the request due to his religious beliefs. Id.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff is a Muslim, and his religious practices forbid him from eating meat that is not prepared in accordance with Islamic law. Id. at 6. Defendant Hill denied Plaintiff's request because Plaintiff purchased meat from the commissary prior to making his vegan diet request, and Defendants Brown and Kilpatrick supported this denial. Id. at 5. Additionally, Defendant Brown ignored Plaintiff's request for a vegan meal plan based on his religious beliefs. Id. at 7.

Plaintiff alleges Defendants denying him a vegan meal plan he requested based on Plaintiff's religious beliefs violates his First Amendment rights. Id. at 9. At the time of filing, Plaintiff states he refuses to eat the non-vegan food being provided and has suffered from weight loss and psychological distress as a result. Id. at 8. Based on these injuries resulting from Defendants denying Plaintiff a vegan meal plan, Plaintiff also brings a claim against Defendants for cruel and unusual punishment under the Eighth Amendment. Id. at 9. For relief, Plaintiff seeks a preliminary and permanent injunctions, as well as monetary damages. Id. at 10.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.     Plaintiff's Eighth Amendment Claim

Plaintiff brings a claim under the Eighth Amendment, alleging Defendants' denial of a vegan meal plan, which Plaintiff requested based on his religious beliefs, amounts to cruel and unusual punishment.  Doc. 1 at 9.  Plaintiff brings this claim, in part, based on the injuries he has suffered due to refusing to eat non-vegan meals that would cause him to violate his Muslim faith. Id. at 8.

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993).  After incarceration, "only the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Ingraham v. Wright, 430 U.S. 651, 670 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citations omitted)).  Where, as here, the claim is based upon the deprivation of food, such a claim can only constitute cruel and unusual punishment if the prisoner is denied the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 303 (1991).  It is well-established that inmates must

3

be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981)).

Like any deliberate indifference claim, a prisoner must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004). Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). "Specifically, a prisoner must prove a serious medical need or the denial of the minimal civilized measure of life's necessities." Miller v. King, 384 F.3d 1248, 1260–61 (11th Cir. 2004) (quoting Chandler, 379 F. 3d at 1289–90), *vacated in part on other grounds by* Miller v. King, 449 F.3d 1149 (11th Cir. 2006)). As for the subjective component, "the prisoner must prove that the prison official acted with deliberate indifference." Id. (quoting Farmer, 511 U.S. at 837). To prove deliberate indifference, the prisoner must show the defendant prison official "acted with a sufficiently culpable state of mind" with regard to the serious prison condition or serious medical need in issue. Id. (quoting Chandler, 379 F.3d at 1289–90).

A claim for failure to accommodate religious dietary needs arises under the First Amendment and not the Eighth. See Freeman v. Sample, Case No. 7:16-CV-120, 2018 WL 11216972, at *5 (M.D. Ga. June 1, 2018) (citing Vinning-El v. Evans, 657 F.3d 591, 592 (7th Cir. 2011)). Thus, here, Defendants' failure to provide Plaintiff a vegan diet, even if his religious beliefs require it, do not amount to a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. See Freeman, 2018 WL 11216972, at *5 ("[Plaintiff] may not camouflage a claim for denial of a religious accommodation under the First

4

Amendment as a claim under the Eighth Amendment . . . ."). Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Eighth Amendment claim.

## II.     Plaintiff's Request for Preliminary Injunctive Relief

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time. At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims. This is not to say Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it. Accordingly, the Court should **DENY** Plaintiff's request for injunctive relief.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment claim for cruel and unusual punishment and **DENY** Plaintiff's request for preliminary injunctive relief. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's First Amendment claim against Defendants Hill, Brown, and Kilpatrick.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA