IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CANTRELL HILL,<br><br>   Plaintiff,<br><br> v.<br><br>BERNARD HILL; VASHITTI BROWN; and TERENCE KILPATRICK,<br><br>   Defendants. | CIVIL ACTION NO.: 6:20-cv-23 |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Doc. 34. Defendants filed a Response, opposing Plaintiff's Motion for Summary Judgment. Doc. 37. For the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment. Doc. 34.

**I.  Procedural History and Background**

Plaintiff, an incarcerated inmate proceeding pro se, initiated this instant litigation on February 24, 2020, in which he alleges Defendants violated his constitutional rights. Doc. 1. Following frivolity review, the Court permitted Plaintiff to proceed with his First Amendment religious liberty claim against Defendants Bernard Hill, Vashitti Brown, and Terence Kilpatrick. Docs. 8, 9.

On September 27, 2021, Plaintiff filed a Motion for Summary Judgment. Doc. 34. Plaintiff argues he is entitled for summary judgment on his First Amendment claim.[1] Id.

---

[1] Plaintiff also argues Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Doc. 34 at 1–3. However, Plaintiff did not bring a claim under RLUIPA and is not permitted to amend his Complaint to assert such a claim in his Motion for Summary Judgment. Gilmour

Plaintiff's Motion does not contain a statement of material facts, as required under Local Rule 56.1.  Specifically, Local Rule 56.1 provides a party moving for summary judgment must include "a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof."  Local R. 56.1.  Plaintiff also did not provide the evidence he relies on, primarily his purported grievances and the Georgia Department of Corrections' Standard Operating Procedures, to the Court in conjunction with his Motion.

Defendants oppose Plaintiff's Motion for Summary Judgment.  Defendants argue Plaintiff's Motion is improper, is not supported by a separate statement of material facts supported by citations to the record, does not cite to correct legal standards, and even if it did, the allegations within his Motion do not entitle him to summary judgment.  Doc. 37.

## II.     Plaintiff's Motion Should Be Denied Without Prejudice

Defendants argue the Court should deny Plaintiff's summary judgment motion because it does not comply with Local Rule 56.1, which requires motions for summary judgment to be accompanied by a separate, short, and concise statement of material facts.  Doc. 37 at 1–2.

As noted above, Local Rule 56.1 provides, "Upon any motion for summary judgment . . ., in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute[.]"  Plaintiff's Motion for Summary Judgment contains six pages of argument, without any supporting evidence or exhibits attached, and contains no section with a factual recitation, and more importantly, no separate statement of facts in accordance with Local Rule 56.1  Doc. 34.

---

v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (explaining "the proper procedure for plaintiffs to assert a new claim" at the summary judgment stage "is to amend the complaint in accordance with [Rule 15(a)]."); Thampi v. Manatee Cnty. Bd. of Comm'rs, 384 F. App'x 983, 988 (11th Cir. 2010).

2

At base, Plaintiff's Motion is merely an unsupported restatement of the allegations in his Complaint.

Because Plaintiff failed to adhere to Local Rule 56.1, his Motion for Summary Judgment should be denied.  See Brandon v. Lockheed Martin Aeronautical Sys., 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005) (holding pro se litigant to the procedural requirements of submitting a separate statement of material facts); Daker v. Owens, No. 6:14-CV-47, 2021 WL 1606052, at *2 (S.D. Ga. Feb. 9, 2021), *report and recommendation adopted*, 2021 WL 983136 (S.D. Ga. Mar. 16, 2021) (denying a pro se plaintiff's motion for summary judgment because his motion did not comply with this Court's Local Rules); Jackson v. Red Hills Oral & Facial Surgery, P.A., No. 4:19-CV-88, 2020 WL 1081700, at *2 (N.D. Fla. Jan. 13, 2020), *report and recommendation adopted sub nom.*, 2020 WL 1078760 (N.D. Fla. Mar. 6, 2020) ("Plaintiff's failure to comply with [the Court's Local Rules] is itself a sufficient reason to deny Plaintiff's motion for partial summary judgment."); Kemp v. Ga. State Univ. Admissions, No. 1:07-CV-0212, 2008 WL 11320118, at *1 n.2 (N.D. Ga. June 16, 2008) (striking a pro se litigant's motion for summary judgment because it did not have a separate statement of material facts, which was required by the court's local rules).  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment.  Doc. 34.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment.  Doc. 34.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing

must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of November, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA