IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CANTRELL HILL,<br><br>    Plaintiff,<br><br>v.<br><br>BERNARD HILL; VASHITTI BROWN; and TERENCE KILPATRICK,<br><br>    Defendants. | CIVIL ACTION NO.: 6:20-cv-23 |

## **ORDER**

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated November 23, 2021. Doc. 47. The Magistrate Judge recommended the Court deny without prejudice Plaintiff's Motion for Summary Judgment. Doc. 42. The Magistrate Judge recommended the Court deny Plaintiff's Motion because he failed to adhere to Local Rule 56.1, as Plaintiff did not include a separate statement of facts. Id. at 2–3.

In his Objections, Plaintiff does not dispute he failed to follow Local Rule 56.1. Doc. 47. However, Plaintiff asserts the Magistrate Judge erred in denying his motion for an extension of time to file a motion for summary judgment in a separate Order issued December 10, 2021. Id. at 2, 4. Plaintiff's argument on whether the Magistrate Judge should have granted him an extension to file a second motion for summary judgment is not material to whether Plaintiff's instant Motion for Summary Judgment complied with the Court's Local Rules. Further, Plaintiff did not timely challenge the Court's Order denying his motion for extension. Doc. 45. Finally, given that another motion for extension of time to file a motion for summary judgment is pending, Plaintiff's

arguments are moot. See Doc. 50. The Court will address whether Plaintiff is entitled to an extension when ruling on that motion.

Additionally, Plaintiff argues the Magistrate Judge erred by failing to construe his Complaint as raising a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Doc. 47 at 2–3. However, this again is not material to the recommended denial of Plaintiff's Motion for Summary Judgment. Further, Plaintiff had the opportunity to address any errors in how his Complaint was construed during frivolity review. When conducting frivolity, the Magistrate Judge determined Plaintiff sought to bring a First Amendment claim and Eighth Amendment claim and directed Plaintiff be permitted to proceed only on his First Amendment claim. Doc. 8. Plaintiff did not object to the Magistrate Judge's construction of his Complaint at that time. Instead, Plaintiff stated he agreed with the Magistrate Judge's determination he only be permitted to move forward on a First Amendment claim. Doc. 11. Now, more than a year later, Plaintiff argues he stated a RLUIPA claim. Nonetheless, the Court does not need to resolve whether Plaintiff stated such a claim at this time. Plaintiff also has a motion to amend pending, which the Court will address in due course. Doc. 49. And more importantly, this Objection is unrelated to the denial of his Motion for Summary Judgement.

Finally, Plaintiff contends the Magistrate Judge erred by failing to liberally construe Plaintiff's Motion for Summary Judgment as a motion to amend complaint. Doc. 47 at 3–4. To the extent Plaintiff wishes the Court to consider his ability to amend his Complaint, the Court will do so when ruling on Plaintiff's recently filed motion to amend. Doc. 49. However, this Objection has no bearing on the Magistrate Judge's recommendation the Court deny Plaintiff's Motion for Summary Judgment.

After an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's Objections. Doc. 47. The Court **CONCURS** with the Magistrate Judge's Report and Recommendation and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Thus, the Court **DENIES without prejudice** Plaintiff's Motion for Summary Judgment.

**SO ORDERED**, this 8th day of February, 2022.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA