IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CANTRELL HILL, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD HILL; VASHITTI BROWN; and TERENCE KILPATRICK, <br><br> Defendants. | CIVIL ACTION NO.: 6:20-cv-23 |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Second Motion for Summary Judgment.  Doc. 51.  For the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's Second Motion for Summary Judgment.

**I.     Procedural History and Background**

Plaintiff, an incarcerated inmate proceeding pro se, initiated this instant litigation on February 24, 2020.  Doc. 1.  Plaintiff then filed an Amended Complaint on June 21, 2019, in which he alleges Defendants violated his constitutional rights.  Doc. 5.  Following frivolity review, the Court permitted Plaintiff to proceed with his First Amendment religious liberty claim against Defendants Bernard Hill, Vashitti Brown, and Terence Kilpatrick.  Docs. 8, 9.

On September 27, 2021, Plaintiff filed his first motion for summary judgment.  Doc. 34.  The Court denied Plaintiff's first motion for summary judgment because Plaintiff failed to comply with the Court's Local Rules.  Docs. 42, 57.  Plaintiff then twice moved for an extension of time to file a second motion for summary judgment.  Docs. 43, 50.  The Court denied both motions, as Plaintiff did not demonstrate good cause to permit an amendment to the Court's Scheduling Order.  Docs. 44, 59.  Thus, the Court's September 21, 2021 Scheduling Order

remains in place, which required the parties to file all dispositive motions on or before October 18, 2021.  Nevertheless, on January 10, 2021, Plaintiff filed a Second Motion for Summary Judgment.  Doc. 51.  Plaintiff argues he is entitled for summary judgment on his First Amendment claim.[1]  Id.

## II.     Plaintiff's Motion Should Be Denied Because It Is Untimely

"A [d]istrict [c]ourt need not consider an untimely motion for summary judgment." Goode v. Wings of Alpharetta, Inc., No. 1:11-cv-1337, 2013 WL 997669, at *17 (citing Dedge v. Kendrick, 849 F.2d 1398, 1398 (11th Cir. 1988)); see also Seachase Condo. Owner's Ass'n, Inc. v. Nextel WIP Lease Corp., No. 1:12-00711, 2013 WL 12123215, at *1 (S.D. Ala. Sept. 23, 2013) (citations omitted).  However, Federal Rule of Civil Procedure 16(b)(4) provides a court-imposed deadline "may be modified . . . for good cause and with the judge's consent."  Here, the Court has already determined Plaintiff fails to demonstrate "good cause" to extend the deadline for dispositive motions.  Docs. 44, 59.  Plaintiff makes no further arguments for allowing an out-of-time Second Motion for Summary Judgment.

Thus, because Plaintiff filed his Second Motion for Summary Judgment after the deadline and has failed to show good cause for his untimely Motion, his Second Motion for Summary Judgment is due to be denied.  See Shenzhen Shenchuang Elec. Appliance Co. v. HauteHouse, LLC, No. 1:18-CV-05337, 2021 WL 5029295, at *3 (N.D. Ga. Aug. 24, 2021) (denying a party's motion for summary judgment because it was untimely); Couch v. Britton, No. 5:15-CV-26,

---

[1] Plaintiff also argues Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  Doc. 51 at 1–9, 23–25.  However, Plaintiff did not bring a claim under RLUIPA and is not permitted to amend his Complaint to assert such a claim in his Motion for Summary Judgment. Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (explaining "the proper procedure for plaintiffs to assert a new claim" at the summary judgment stage "is to amend the complaint in accordance with [Rule 15(a)]."); Thampi v. Manatee Cnty. Bd. of Comm'rs, 384 F. App'x 983, 988 (11th Cir. 2010); see also Doc. 58 (denying Plaintiff's motion to amend to bring a RLUIPA claim).

2016 WL 2993175, at *1 (M.D. Ga. May 23, 2016) (citations omitted) (noting "[w]here a motion for summary judgment is filed after the district court's deadline for dispositive motions, the district court may properly deny it as untimely" and denying plaintiff's motion for summary judgment as untimely); McClaney v. Macon Cnty. Bd. of Educ., Civil Action No. 3:10cv219, 2011 WL 9015, at *2–3 (M.D. Ala. Jan. 3, 2011) (denying motion for summary judgment as untimely where defendants failed to demonstrate good cause); see also Enwonwu v. Fulton-DeKalb Hosp. Auth., 286 F. App'x 586, 595 (11th Cir. 2008) (finding district court did not abuse its discretion in denying untimely motion for summary judgment). Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Second Motion for Summary Judgment. Doc. 51.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Second Motion for Summary Judgment. Doc. 51.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

3

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED AND RECOMMENDED**, this 9th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA