IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
CANTRELL HILL,                  *
                                *
     Plaintiff,                 *
                                *
     v.                         *
                                *    CV 620-023
BERNARD HILL; VASHITTI BROWN;   *
and TERENCE KILPATRICK,         *
                                *
     Defendants.                *
```

ORDER

Before the Court is Plaintiff's "Motion to Reconsider and Vacate 7/15/22 Order (Doc. 86) and Judgment (Doc. 87)." (Doc. 89.) For the following reasons, Plaintiff's motion is **DENIED**.

On July 15, 2022, the Court concurred with the Magistrate Judge's Report and Recommendation (the "R&R") (Doc. 83), to which no objections were filed, granted Defendants' motion for summary judgment, and dismissed Plaintiff's complaint. (Doc. 86, at 1.) Plaintiff now asks the Court to reconsider and vacate its Order due to errors by the Court and the prison's delay in mailing his objections to the R&R. (Doc. 89, at 1-3.)

I. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No.

1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion

2

for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Here, Plaintiff does not specify under which Rule he brings this motion; however, he filed it more than twenty-eight days after judgment so the Court will analyze the motion under Rule 60(b). See Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Children & Families, 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

## II. DISCUSSION

Plaintiff argues the Court should vacate its July 15, 2022 Order to correct clear error and prevent manifest injustice. (Doc. 89, at 2.) He asserts he filed objections and they were timely delivered to prison officials; however, the prison officials delayed mailing them. (Id. at 1-2.) Plaintiff's objections were received by the Court on September 12, 2022, the same day he filed this motion for reconsideration, and almost two months after the Order adopting the R&R. (See Doc. 88.) Upon review of the late-filed objections (Id.) and Plaintiff's motion for reconsideration (Doc. 89), the Court finds Plaintiff has failed to meet the requirements of Rule 60 and relief from final judgment is inappropriate in this case. Plaintiff continues to put forth the same arguments the Court has rejected throughout this case and offers nothing new for the Court to reconsider what it has already decided. Therefore, Plaintiff's "Motion to Reconsider and Vacate 7/15/22 Order (Doc. 86) and Judgment (Doc. 87)" (Doc. 89) is **DENIED**. This case stands closed.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of October, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4