IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| CANTRELL HILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CV 620-023 |
| BERNARD HILL; VASHITTI BROWN; | * | |
| and TERENCE KILPATRICK, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is the Eleventh Circuit's remand for the limited purpose of determining when Plaintiff-Appellant Cantrell Hill's motion for reconsideration and notice of appeal were placed in the prison's mail system. (Doc. 97.) Plaintiff, proceeding *pro se*, appealed the Court's July 15, 2022 judgment (Doc. 87), and to be timely, his notice of appeal was due August 15, 2022. (Doc. 97, at 1.) The notice of appeal was docketed September 12, 2022 (Doc. 90); however, Plaintiff contends he placed the notice of appeal and motion for reconsideration (Doc. 89) in his prison's mail system on August 12, 2022, the date he signed them. (Doc. 97, at 2.) As such, Plaintiff argues August 12, 2022 should be the filing date of both documents. (Id.)

"In these [§ 1983] cases, *the date of filing shall be that of delivery to prison officials* of a complaint or other papers

destined for the district court for the purpose of ascertaining timeliness." Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (emphasis in original); see also Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." United States v. Glover, 686 F.3d 1203 (11th Cir. 2012) (citing Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)), *abrogated on other grounds by amendment to* U.S.S.G. § 1B1.10. "[B]ecause the prison authorities have the ability to establish the correct date of delivery through their logs, they bear the 'burden of proof for the pro se prisoner's date of delivering his document to be filed in court.'" Sanders v. Headley, No. 2:19-CV-793, 2022 WL 18587038, at *1 (M.D. Ala. Dec. 7, 2022), *report and recommendation adopted*, 2023 WL 1769179 (M.D. Ala. Feb. 3, 2023) (quoting Garvey v. Vaughn, 993 F.2d 776, 781 (11th Cir. 1993)); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Federal Rule of Appellate Procedure 4 provides:

> If an institution has a system designated for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
> (A)  it is accompanied by:
>      (i) a declaration in compliance with 28 U.S.C. § 1746 – or a notarized statement – setting out the date of

2

>>deposit and stating that first-class postage is being prepaid; or
>>(ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
>(B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Defendants-Appellees contest the date in which Plaintiff placed the documents in the prison mailing system, arguing the two documents were delivered in the same envelope as a third document that was signed before the judgment was entered and that Plaintiff's prison typically sends mail within a couple days of it being deposited. (Doc. 97, at 2.) Furthermore, Defendants draw the Court's attention to the fact Plaintiff's documents arrived in an envelope without a postmark and were not received until a month after Plaintiff signed them. (Id.)

The Court received three motions from Plaintiff on September 12, 2022: "Objections to Magistrate's 6/24/22 Report and Recommendation (Doc. 83)" dated July 11, 2022 (Doc. 88); "Motion to Reconsider and Vacate 7/15/22 Order (Doc. 86) and Judgment (Doc. 87)" dated August 12, 2022 (Doc. 89); and "Notice of Appeal" dated August 12, 2022 (Doc. 90). All three of the filings were received in the same envelope and it had postage attached but does not appear to have any postmarks from the United States Post Office. The only stamp on the envelope is the United States Marshals Service stamp showing it was received. (See Doc. 90, at 2.)

3

Plaintiff provides in his "Notice of Appeal" that [p]ursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I am placing this in the Smith S.P. indigent legal mail system this date. This 12th Day of August, 2022." (Doc. 90, at 1.) Construing this *pro se* filing liberally, the Court finds this complies with the requirements of Federal Rule of Appellate Procedure 4. Based on the information before the Court, it finds Plaintiff's motion for reconsideration and notice of appeal were placed in the prison's mail system on August 12, 2022. The Clerk is **DIRECTED** to **TRANSMIT** this Order to the Eleventh Circuit Court of Appeals.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of October, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4